ELECTRONICALLY FILED
Faulkner County Circuit Court
Crystal Taylor, Circuit Clerk
2018-Mar-27 10:34:44
23CV-18-462
C20D01 : 6 Pages

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
_____ DIVISION

VILONIA SCHOOL DISTRICT                                          PLAINTIFF

v.                          Case No. 23CV-18-_____

M.S. AND T.S., AS PARENTS OF A.R.S.                            DEFENDANTS

### VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION

Plaintiff, Vilonia School District ("District"), for its Verified Complaint for Temporary Restraining Order and Preliminary and Permanent Injunction, alleges and states:

### PARTIES

1.      Plaintiff, Vilonia School District, is a public school district organized and existing pursuant to the laws of the State of Arkansas.

2.      Defendants, M.S. and T.S., as parents of A.R.S., are residents of Faulkner County, Arkansas.

### JURISDICTION AND VENUE

3.      Subject matter and jurisdiction is proper pursuant to Section 6 of Amendment 80 of the Arkansas Constitution. Venue is proper in this Court pursuant to Ark. Code Ann. §§ 16-60-101, *et seq.*

### FACTUAL BACKGROUND

4.      A.R.S. is a student in the District. A.R.S. was born February 4, 2003; he is 15 years of age. A.R.S. receives special education services at the District's Freshman Academy.

5.      Pursuant to the Individuals with Disabilities Education Act ("IDEA"), which governs the education of students receiving special education services, including A.R.S., A.R.S. receives educational services pursuant to his Individualized Education Program ("IEP").

**EXHIBIT B**

6.      As documented in his IEP, and a neuropsychological evaluation dated May 4, 2017, A.R.S. suffers from multiple disorders including traumatic brain injury, memory deficits, psychomotor deficits, frontal lobe and executive function deficit, depression, and oppositional defiant disorder.

7.      On March 1, 2018, A.R.S. posted a photo of himself holding a handgun on Snapchat, a social media platform. The photo showed A.R.S. with his finger on the gun's trigger with the hashtag "#ILOVEITWHENTHEYRUN." Other video depicted A.R.S. with a gun, acting as if he were shooting the gun, and talking about killing. The video showed the word "kill." A.R.S. also posted a photo of some classmates with the head of one of the classmates circled in red. A.R.S. was arrested by the Vilonia Police Department and charged with committing the offense of Harassing Communications. Later that day, A.R.S. stated to the District's special education director, Elizabeth Kelley, that he was depressed and almost killed himself by hanging. A.R.S. posted the near hanging two days before on social media and showed it to his principal and special education director as he openly and politely explained his actions over the week. He also stated his mother did not understand and his dad just thought he was doing it for attention. A.R.S. showed Mr. Simmons and Ms. Kelley the Snapchat photo showing him with a belt around his neck with the post "I almost fucked up really bad" and his social media exchange with a District student discussing his near suicide. A.R.S.'s mother, upon arrival in the District office, stated that the rifle in the picture of her son was an airsoft gun and requested that the phone be returned to the other student. Later that afternoon the student who owned the phone gave permission for the office to keep it, stating he did not want it anymore, and he gave the District access to the contents of the phone. Upon review it was discovered that A.R.S. posted a video of himself with a handgun stating, "I don't fight to hurt – I fight to kill." His friend, a peer at school, responded to that post.

8.    Another incident was brought to light of concern for A.R.S.'s emotional regulation. On March 6, 2018, a student intern came forward with information about a discussion during advisory time with the Student where he calmly stated, "I just want to fight someone and end up killing them and go to prison for the rest of my life." This statement was emailed to the mother.

9.    The District is increasingly concerned for the safety of students and staff, based on the aforementioned conduct by A.R.S.

10.    A.R.S. is a danger to himself and others.

11.    On March 6, 2018, A.R.S. was suspended from school. The District cannot maintain the suspension for an extended length of time because A.R.S. is not subject to the District's discipline policy due to his IEP. If an Order is not in place restraining A.R.S. from returning to the school, harm will occur as he constitutes an ongoing danger.

## STANDARD FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

12.    Plaintiff incorporates by reference paragraphs 1 through 11 word for word herein.

13.    Pursuant to Ark. R. Civ. P. 65, the trial court must consider two things: (1) whether irreparable harm will result in the absence of an injunction or restraining order; and (2) whether the moving party has demonstrated a likelihood of success on the merits. *Three Sisters Petroleum, Inc. v. Langley*, 348 Ark. 167, 72 S.W.3d 95 (2002).

14.    Plaintiff has shown irreparable harm will occur if the requested relief is not granted. Plaintiff has demonstrated a likelihood of success on the merits.

15.    Concurrent with the filing of this Complaint copies have been provided to counsel for Defendants, Teresa Caldwell, pursuant to Ark. R. Civ. P. 65(b)(1)(B).

16.    It is within the Court's decision whether to grant a preliminary injunction. *Custom Microsystems, Inc. v. Blake*, 344 Ark. 536, 540, 42 S.W.3d 453, 456 (2001); *Smith v. American*

*Trucking Association, Inc.*, 300 Ark. 594, 781 S.W.2d 3 (1989). The Eighth Circuit's standard for issuance of a preliminary injunction consists of four elements that must be considered: (1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest. *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F. 2d 109, 112-114 (8th Cir. 1981). Arkansas courts, though, hold that the two critical factors are whether the plaintiff demonstrates a likelihood of success on the merits and whether the plaintiff demonstrates a likelihood that, absent the granting of preliminary relief, irreparable harm will occur. *Custom Microsystems*, 344 Ark. at 542, 42 S.W.3d at 456-57. The phrase "likelihood of success on the merits" has been interpreted by the Arkansas Supreme Court to mean a reasonable probability of success in the litigation on appeal. *Id.* at 542, 42 S.W.3d at 457.

17.     In this case, Plaintiff's Complaint supports its position that it will suffer irreparable harm if the temporary restraining order and preliminary injunction it requests is not granted, as reflected in the statement of facts above.

18.     The most appropriate educational placement alternative for A.R.S. is at a day treatment center. The District does not dispute its obligation to pay for this alternative placement, and stands ready and willing to do so.

19.     The District cannot remove A.R.S. from his current educational placement on a long-term basis without violating his rights to be educated, but this Court can enjoin A.R.S. from returning to school at the District until a more suitable educational placement can be identified.

## PRAYER FOR RELIEF

20.     Plaintiff prays the Court enter the temporary restraining order and preliminary and permanent injunctive relief requested herein on the basis that irreparable damage or harm will or might result to Plaintiff if such relief is not granted.

WHEREFORE, Plaintiff, Vilonia School District, prays that this Court enter the following relief:

(a) A.R.S. be restrained and enjoined from attending classes or school functions on a District property or at locations where District activities occur;

(b) A.R.S. be placed on a home-bound setting where the District provides a staff member to educate A.R.S. at an appropriate location until the alternative placement can be located;

(c) A.R.S. remain in a home-bound placement for educational purposes up and until his parents complete the necessary paperwork for A.R.S. to be placed in a day treatment facility; and

(d) for all other appropriate relief to which Plaintiff may be entitled.

Respectfully submitted,

BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
E-mail: jbequette@bbpalaw.com
        ckees@bbpalaw.com

By:     /s/ Jay Bequette
        Jay Bequette, Bar Number 87012
        Cody Kees, Bar Number 2012118

*Attorneys for Plaintiff*

Z:\Vilonia School District\Smart\Verified Complaint for Restraining Order.docx

## VERIFICATION

I, Elizabeth Kelley, do hereby certify that the above information is true and correct to the best of my knowledge and belief.

_Elizabeth Kelley_
Elizabeth Kelley
Special Education Director
Vilonia School District

STATE OF ARKANSAS          )
                           ) ss.
COUNTY OF FAULKNER         )

SUBSCRIBED AND SWORN to before me this 26th day of March, 2018.

_Rhonda Holt_
Notary Public

My Commission expires:          (SEAL)
5-21-2020

RHONDA HOLT
NOTARY PUBLIC-STATE OF ARKANSAS
FAULKNER COUNTY
My Commission Expires 05-21-2020
Commission # 12376893

6